Ramon RODRIGUEZ–OROZCO, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 10–70339.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Jan. 10, 2011.*

Filed Jan. 25, 2011.

Cesar Rodrigo Ternieden, Esquire, Law Office of Cesar R. Ternieden, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Ramon Rodriguez–Orozco, a native and citizen of Mexico, petitions for review from a Board of Immigration Appeals' order dismissing his appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Castillo–Cruz v. Holder,* 581 F.3d 1154, 1158–59 (9th Cir. 2009), and we deny the petition for review.

The agency did not err in concluding that Rodriguez–Orozco is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) based on his 2007 conviction for lewd or lascivious acts with a child under 14 years of age in violation of Cal.Penal Code § 288(a). *See United States v. Baron–Medina,* 187 F.3d 1144, 1146–47 (9th Cir.1999) ("The use of young children for the gratification of sexual desires constitutes an abuse.").

Rodriguez–Orozco's contention that *United States v. Medina–Villa,* 567 F.3d 507 (9th Cir.2009), conflicts with *Estrada–Espinoza v. Mukasey,* 546 F.3d 1147 (9th Cir.2008) (en banc), is foreclosed. *See United States v. Valencia–Barragan,* 608 F.3d 1103, 1107 n. 2 (9th Cir.2010). Rodriguez–Orozco's contention that *Nijhawan v. Holder,* —— U.S. ——, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009), effectively overruled *Medina–Villa* is unpersuasive.

In light of our disposition, we need not address whether Rodriguez–Orozco is also removable based on his 1987 conviction for violating Cal.Penal Code § 288(a).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.